Chief Justice Robertson
delivered the Opinion of the Court,
Two questions are presented in this case :—
First. Can a landlord distrain, for rent due- by bis tenant, goods in the tenant’s possession, but which are under a bona fide mortgage to another person ?
Second. Can a mortgagee of a chattel maintain trover for a conversion of it by a stranger, whilst it was in tire possession of the mortgagor ?
First. A bona fide mortgagee is, both before and after forfeiture, deemed a purchaser. A tenant may, during his term, sell his goods and chattels, and the purchaser may hold them in defiance of any lien claimed by the landlord, as resulting to him, by law, from tbe relation of landlord and tenant ; and as the second section of a statute of 1811, 2 Fig. 1059, gives a landlord a right to. distrain the goods of his tenant or subtenant only, if a tenant shall have made a bona fide sale of his goods, they are not liable to distress, even though they .may not have been actually removed from his ostensible possession.
The possession by a mortgagor, of the mortgaged property, is not fraudulent per se. The judicial doctrine of constructive fraud has been carried far enough —perhaps too far. We feel neither inclination nor authority to extend it ; and we are well satisfied, that both reason and authority are.opposed to the position taken in the argument of this case : to wit, that a retention of possession by a mortgagor, is, per se, fraudulent. On the contrary, it may not, in many, and perhaps most cases, be any evidence of even a fraud in fact.
Nor is the interest of a mortgagor liable to be sold under a distress for rent. An equitj’ of redemption *205 was not distrainable at common law ; and the statute of 1821, 1 Dig. 504, and that of 1828, Session Acts, 163, which subjected equities to sale under execution, cannot (consistently) be so construed as to embrace distress warrants. The policy of those enactments was to substitute the liability of equities and choses in action for the ca. sa., and a distress warrant is within neither the let-' ter nor the spirit of their provisions.
A mortgagee, like any other having a general or special pro perty in goods converted, may maintain trover for the conversion.
Second. It was not supposed to be doubted, that a mortgagee, like any other person having a title, general or special, to personal property, might maintain trover, for its conversion by a wrong doer. The doctrine on that point is too well settled, by analogy and direct authority, to be now doubtful or dcbateable.
As the circuit court decided in this case, that a landlord had a legal right, as against a mortgagee of his tenant, to distrain and sell, for rent, the mortgaged goods, the judgment must he reversed, and the cause remanded for a new trial : when the proper question for enquiry will be, whether the mortgage be, in fact, fraudulent, or bona fide.