Chief Justice Robertson
delivered the Opinion of the Court.
Hanning sued Hood, in detinue, for a clock and bedstead, and having obtained a judgment, this writ of Error is prosecuted for reversing ft. The first objection urged inthis-Court to the judgment, is that detinue and trover are misjoined in two counts, and that, therefore, the Circuit Comb erred in overruling a demurrer to the declaration.
If the assumption as to the character of the counts be maintainable, the demurrer was improperly overruled. But we are inclined to consider each as a count in detinue. The last is evidently so; and the first, although defective and unique, is-either in debt or detinue, and cannot, we think, b.e construed to be a count in troven, as contended for by the counsel of the plaintiff in error. And,, consequently, whether the first count be in debt op *22 detinue, as they may be joined in the same declaration, the Circuit Court did not err in overruling the general demurrer to the declaration, because the last count is unquestionably good, and, of course, on a demurrer to the Whole declaration, it is not material whether the other count, being such as may be joined with it, is good ■or bad.
A tenant may sell oí’, mortgage his goods, bona fide, and for a valuable consideration, and the sale or mortgage will prevail over the landlord’s lien,
'A Verdict for the tall amount of goods, in favor of ñ plaintiff who had sold part of them before the wrong complained of, cannot he ««stained.
The next, and only remaining objection to be considered, is the alleged insufficiency of the evidence to sustain the Verdict.
Hanning claimed the property as mortgagee—Hood aa landlord claiming a lien for rent against the mortgagor. After the date of the moragage, Hood distrained and sold, and himself bought, the property for rent alleged to be due to him from the mortgagor; and his counsel insists that, therefore, he had, in judgment of law, a perfect and paramount legal title. This Court has more than once decided that the law is otherwise. Mitchell vs. Franklin et al. 3 J. J. Marshall, 432; Snyder vs. Hitt, 2 Dana, 204; and Craddock vs. Riddlesbarger, same, 205. In these cases it was decided, that the lien for rent applies only as between creditors, and that it will not ¿¡prevent a valid sale or mortgage of the property by the tenant, bona fide and for a valuable consideration. And in Snyder vs. Hitt it was expressly decided, that such a mortgagee could maintain trover against such a landlord, for distraining the property mortgaged by the tenant, as well as against a stranger; and that the interest of the the mortgagor is not subject to distress.
But nevertheless, the verdict cannot be sustained—because it appears that Hanning had sold the bedstead to a stranger prior to the levy of the distress wax-rant; and as to so much, therefore, it would appear that he had no cause of .action, as his vexidee was in the possession, and he himself had no legal pi-operty, general or special.
For this cause alone, it is considered by this Coux-t, that the judgment of the Cix’cuit Court is en-oneous, and that therefore it be reversed—and that tlxis cause be remanded for a new trial.