REPPLIER, &c.
vs
BUCK, POTTER, &c.

---

CHANCERY.

# Repplier, &c. *vs* Buck, Potter, &c.

ERROR TO THE LOUISVILLE CHANCERY COURT.

Case 25.

*Fraudulent conveyances. Deeds of Trust. Equitable Relief.*

Sept. 24.

JUDGE BRECK delivered the opinion of the Court.

Case stated.

ON the 22d February, 1840, William Compton, by his deed of that date, duly acknowledged and recorded, transferred to George S. Repplier, his stock of goods, wares and merchandize, and sundry notes and accounts, in trust for the benefit of all his creditors. The names of

his creditors, and the sums respectively due them, are recited in the deed; and it then provides, if any have been inadvertently pretermitted, they are to be regarded as embraced in its provisions. The deed vests the trustee with power to sell the merchandize, and collect the debts as soon as may be, and directs him to pay over the proceeds, after deducting a reasonable sum for his trouble and expense, to all his the assignor's creditors, to each his *pro rata* proportion. The trustee accepted the trust, and undertook to execute it. The merchandize, notes and accounts, were taken into possession by him, at the execution of the deed. The trustee was not a creditor, nor does the assignment appear to have been made at the instance of any of the creditors of Compton.

On the 28th February, 1840, the complainants exhibited their bill, charging Compton and Repplier with a fraudulent combination to hinder, delay and defraud complainants and other creditors of Compton, in the collection of their debts. They charge that the deed is voluntary, fraudulent and void, and they pray for and obtain an attachment. Other creditors, by original and cross bills, subsequently exhibited, also obtain attachments. All the creditors named in the deed, are made defendants to the original bill of the complainants, Buck and Potter, some of whom deny the allegations of fraud as against Compton and Repplier, and pray for a sale and distribution of the proceeds of the trust affects according to the deed. Compton and Repplier, in their answers, deny all the allegations of fraud.

The Chancellor directed a sale of the goods, and on final hearing, held the deed to be fraudulent and void, decreed the proceeds of the goods to the complainants and other attaching creditors, according to the priority of their attachments. To reverse that decree, this writ of error is prosecuted.

*Decree of the Chancellor.*

The main question presented for our determination, is whether the Chancellor was correct in holding the deed of trust to be fraudulent and void. It will be recollected, that this deed provides for an equitable *pro rata* distribution among all the creditors of the assignor or grantor, and that possession of the property was delivered to the

REPPLIER, &c.
*vs*
BUCK, POTTER,
&c.

trustee, at the time of the execution of the deed, and that he accepted and undertook to execute the trust.

That the assignee named and appointed in a deed of trust is not a creditor, nor appointed at the instance of any creditor, is not conclusive evidence that the deed is fraudulent.

The consideration expressed in the deed, is one dollar. Is such a deed void upon the sole ground that the assignee was not a creditor, and that it was not made upon consultation, or at the instance of any creditor or creditors of the assignor? We think not. The question is very fully examined by this Court, in the *Bank of the United States* against *Huth*, (4 *B. Monroe*, 423,) and the validity of such a deed recognised and settled. It is true, the deed in this case is assailed upon other grounds, but we think not successfully. The trustee appears to have been a man of fair character; the surrender on the part of Compton, so far as any thing appears in the record, was full and fair; and in view of the whole case, we are of opinion, the complainants have failed by proof or otherwise, to invalidate the deed.

A mortgage executed by a tenant, *bona fide*, overreaches the claim of the landlord for rent.

As to the defendant, Herr, we are of opinion, he has no preference over other creditors, on account of his claim for rent. As decided by this Court, in *Hood* vs *Hanning*, (4 *Dana*, 22,) and other cases, a mortgage prevails over the landlord's lien. So, in this case, the lien created by the deed in favor of the creditors, is superior to the defendant's lien for rent. He will, however, be permitted to come in under the deed, and receive his proportion in the *pro rata* distribution.

Though a bill be filed to set aside a deed of trust, which provides for an equal distribution on the ground of fraud, yet if the bill pray general relief, the Chancellor refuse to set aside the deed, the appropriate relief may be granted under the general prayer.

Although the complainants alledge the deed to be fraudulent, yet they pray for general relief, and their bill is so drawn, that the Chancellor, under it may, and we think should decree a distribution of the proceeds of the trust effects, according to the provisions of the deed.

The decree, so far as it declares void the deed of assignment from Compton to Repplier, and also, so far as it appropriates the proceeds of the attached or trust effects, is reversed; and as to the residue of said decree, it is affirmed, and the cause remanded for further and appropriate proceedings and decree, consistent with the principles of this opinion, and the plaintiffs in error are entitled to their costs in this Court.

*Fry and Page* for plaintiffs: *Loughborough* for def'ts.