Judge Graham
delivered the opinion of the Court.
Penny had leased of Beckwith the Franklin House, in Louisville, at the rate of $66 66-| per month. While in the occupancy of the house under the lease, he (in Jany. 1849) executed to the appellees, to secure the payment of certain sums of money owing by him to them, a mortgage on his furniture then in said house. He had no property on the premises except that embraced in the mortgage, and has not had any other property since that time. On the 15th March, 1849, suit was instituted by the appellees to foreclose the mortgage. Rent is-due to Beckwith from 25th March, 1849, at the rate aforesaid. Beckwith claims a priority of lien on the property to pay the rent due to him; and it was agreed by the parties, “that the cause shall stand as if a distress warrant, for .rent due at the date of the agreement, (June 1849,) were in force in the officer’s hands.”
It was also agreed that a decree be rendered for the-sale of the property, and the question of the priority of claim of the lessor for his rent due and to become due,. *96 up to the day of sale, was submitted to the Chancello* The Chancellor decreed that the mortgagees have priority over the landlord.
A tenant cannot after entering upon the premises, defeat the landlord -o'f his rent by sale or mortgaging his property, but the lien of the landlord for one year’s rent wilt he valid: (Ac of 1843: Ses. Acts 54.)
Beckwith has, by appeal, brought the case to this Court for revision. The question of law involved in this controversy, is to be determined by the construction to be given to the “act to amend the law of landlord and tenant,” approved 9th March, 1843: (Session Acts 54.) Before the passage of this act a tenant could, during his term, sell or mortgage his goods and chat-ties, and the purchaser or mortgagee could hold them in defiance of any lien claimed by the landlord, as resulting to him, by law, from the relation of landlord and tenant, and the equitable interest of the mortgagor was not liable to be sold under a distress for rent: (2 Dana, 204; 3 J. J. Marshall 432; 4 Dana, 22.)
The right of the tenant, thus to defeat his landlord, by mortgaging all his property to others, was regarded as an evil which ought to be remedied. The act of 1843, was, no doubt, intended to protect the landlord against, the effect of such mortgages. It enacts “that hereafter the lessor and his representatives shall have a preference in the payment of the rent due to him from his lessee, or his representative, over any mortgage by the lessee, or his representative, after entry on the premises leased; and if there be not other property sufficient, the landlord shall have a right to distrain on any such mortgaged property, as if no mortgage thereof had been made: Provided, the preference herein given shall only extend to rent for one year next before the suing out of process, or the claims of preference.” It is urged in argument, and such seems to have been the opinion of the Chancellor, that the rent secured to the landlord by this act, is only such as, at the date of the mortgage, was then actually due and owing by the tenant and legally demandable by the landlord. If that is a correct exposition of the act, we do not perceive that there was much, if any, necessity for its enactment. In the case supposed, the landlord without the aid of the act, could have had his distress warrant issu *97 ed immediately on the falling due of his rent, and thus have secured himself against any and all acts of the tenant and the creditors of the tenant, and if he failed to avail himself of this privilege, he could not complain of a loss, resulting from his negligence, or from the indulgence of supposed kindness to his tenant. We think such a construction is obviously contrary to the object of the Legislature in its enactment. Nor do we suppose, that the language used in the act, ought to be so understood. It expressly gives to the landlord a preference over any mortgage made after the tenant has entered on the premises leased. Surely it was not contemplated that the tenant, on the credit of his goods and chattels, then unencumbered by mortgages, or other liens, should obtain possession and occupancy of premises, and the day after entering upon them, provide for other creditors, to the exclusion of his landlord. We think the import of the words used, and the obvious meaning of the whole act, including the proviso, is, that for any rent not exceeding one year next before the suing out of process, or the claim of preference, the landlord has a lien superior to that of the mortgagee, whether the ’mortgage was made before or after the day when the rent was payable to, or legally demandable by, the landlord, that is, when the mortgage is made after the lessee enters on the premises leased.
Duncan Sf Ripley for appellant; J. W. Tyler for appellees.
The decree should have directed that the amount due to Beckwith, for rent and his costs, should be first paid out of the furniture sold, and then to apply the residue to the payment of the debts due to the mortgagees.
The decree of the Chancellor is therefore reversed, and the cause remanded with directions to render a decree not inconsistent with this opinion.