CASE 17—PETITION EQUITY—NOVEMBER 11.

# Halbert, &c. vs. McCulloch, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

The word *purchaser*, as used in our statutes, has acquired a well defined technical signification, and embraces every holder of the legal title to real or personal property, where such title has been acquired by deed. A *bona fide* mortgagee is, both before and after forfeiture, deemed a purchaser. In this sense the term is used in the *9th section of the chapter of the Revised Statutes* on Boats and Navigation. (1 *Revised Statutes*, 205.)

Claimant of a steamboat upon which an attachment is levied does not, by the execution of the bond prescribed by *section* 268 *of the Civil Code*, preclude himself from the right to assert his claim to it, or to contest the validity of the attachment. (2 *Metcalfe*, 209.)

The expression, "*whichever shall be directed by the court*," used in *section* 268 *of the Civil Code*, must not be understood as conferring upon the court an unlimited and arbitrary discretion either to render a judgment in favor of the plaintiff for such sum as he may show himself entitled to recover in the action, and then to require the obligors in the bond to pay that sum, *or* to order the forthcoming of the boat or vessel, subject to the order of the court for the satisfaction of such sum. Such judgment should be rendered as will protect the rights of all the parties according to the facts as they appear.

In an attachment to enforce a lien upon a steamboat for supplies furnished her, where it turns out that the equity of redemption of the mortgagors of the boat is all that can be subjected to the demand, the obligors in the bond prescribed by *section* 268 *of the Civil Code*, (to the effect that they will pay the plaintiffs such sum as may be adjudged in the action, or to have the boat forthcoming for the satisfaction of such judgment whichever shall be ordered by the court,) can only be held liable for the forthcoming of the boat, for the purpose of subjecting the mortgagors' interest therein to the satisfaction of such lien.

In such case the value of the equity of redemption should be ascertained by a reference to the master.

KINKEAD & BARR, for appellants, cited *Revised Statutes, sec.* 9, *page* 205; *Civil Code, sec.* 268; 2 *Dana*, 204; *Civil Code, sec.* 235.

SPEED & BARRETT, for appellees.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The ninth section of the chapter on Boats and Navigation (*Rev. Stat., page* 205,) provides that the liens therein given shall not be enforced against a *purchaser* without notice thereof, unless suit be instituted within one year from the time the cause

of action accrued, or unless such notice be endorsed on, or attached to, the enrollment of the boat.

This action was brought in April, 1859, against the steamboat "Diamond and owners," to recover for supplies which had been furnished the boat in April, 1857. An attachment having been levied on the boat, bond was executed by its captain with Halbert as surety, (under *section* 268 *of the Civil Code*,) to the effect that the obligors would pay to the plaintiffs such sum as might be adjudged in the action, or to have the boat "forthcoming for the satisfaction of such judgment, whichever shall be ordered by the court."

It may be observed here that the latter alternative stipulation of the bond as given, does not conform literally to that prescribed by the section referred to, which is "that the boat or vessel shall be forthcoming, *and subject to the order of the court* for the satisfaction of such judgment *as may be rendered therein—* whichever shall be directed by the court."

This variance, however, may not be deemed very material, so far as it can affect the present case.

After the execution of this bond Halbert, the surety, and others, filed their joint petition, asking to be made parties to the action, which was done. They claim an interest in the boat under a mortgage executed to them by the owners, dated the 18*th May*, 1858, to secure certain specified debts and liabilities. The validity of this mortgage is in no way questioned.

Inasmuch, then, as the plaintiffs failed to institute their suit within one year from the time their cause of action accrued, and failed to give notice of their lien in the mode prescribed by the statute, it is clear that they cannot enforce their liens against Halbert, one of the mortgagees, provided he is to be deemed a purchaser within the meaning of the ninth section of the statute.

The word purchaser, as used in our statutes, has acquired a well defined technical signification, and embraces every holder of the legal title to real or personal property, where such title has been acquired by deed. There is no exception to this rule. The act of 1811 gave a landlord a right to distrain the goods of his tenant or sub-tenant, but if a tenant should have

made a *bona fide sale* of his goods, they were not liable to distress. In construing this statute it was held that a *mortgage* by the tenant of his goods was a *sale* within the meaning of the act, and that a *bona fide* mortgagee is, both before and after forfeiture, deemed a purchaser. (*Snyder vs. Hitt*, 2 *Dana* 204.) It is unnecessary to cite other cases in which the same rule of construction has been recognized.

The appellant then, being a purchaser, was entitled to priority of lien under his mortgage, as against the plaintiffs, and the chancellor erred in deciding that he was not a *purchaser* and was not therefore protected by the statute.

. The mortagors had an interest in the boat, and for the purpose of subjecting that interest to the satisfaction of the demand of the appellees, the court might have required the parties in possession, or the obligors in the bond, to have the boat forthcoming, subject to such order as was proper for effectuating that object.

It is admitted that the claimants under the mortgage did not, by the execution of the bond, preclude themselves from the right to assert their claim to the property, or to contest the validity of the attachment. This point was directly decided in *Schwein vs. Sims, &c.*, (2 *Met. Ky. Rep.*, 209.) The question in that case arose upon a different section of the Code, but the principle decided, and the reasoning of the court in support of it, apply with equal propriety to the section under which the bond in this case was given. The expression used in this section—*"whichever shall be directed by the court"*—must not be understood as conferring upon the court an unlimited and arbitrary discretion either to render a judgment in favor of the plaintiff for such sum as he may show himself entitled to recover in the action, and then to require the obligors in the bond to pay that sum, *or* to order the forthcoming of the boat or vessel, subject to the order of the court for the satisfaction of such sum. According to that construction the claimant of the boat or vessel could in no case entitle himself to retain the possession of his property by executing the bond which was intended to secure that very privilege, without thereby rendering himself liable for whatever sum the plaintiff in the action

might show himself entitled to recover against the defendant. As was said in the case just cited, such an interpretation of the obligation would result inevitably in the sacrifice of the property of one, to the payment of the debts of another.

In this, as in all other classes of cases, it is the duty of the court to render such judgment as will protect the rights of all the parties according to the facts as they appear. Here the effort of the plaintiffs was to enforce their lien against the boat in contest. It turns out that the equity of redemption of the mortgagors was all that could properly be subjected to their demand, and such should have been the judgment of the court, and for the satisfaction of such judgment the forthcoming of the boat might have been ordered. To that extent, and to that extent only, could the obligors in the bond have been properly held liable for a failure or refusal to comply with the order. The value of the equity of redemption should have been ascertained by a reference to the master.

The judgment is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.