## COMMONWEALTH *vs.* JAMES MCGOVERN.

Under *St.* 1864, *c.* 250, §§ 2, 3, the decision of a judge of the superior court overruling a motion, made before the jury are sworn, to quash an indictment, is subject to exception.

An indictment, under *St.* 1863, *c.* 252, against a person for enticing and soliciting another to leave this commonwealth, for the purpose of enlisting in the military service of the United States elsewhere, need not allege that the person enticed did leave, or was a citizen of, or liable to do military duty in, this commonwealth, or set forth the particular means used to entice or solicit such person.

The *St.* of 1863, *c.* 252, is not repealed by U. S. St. of 1865, *c.* 79.

INDICTMENT, found in Suffolk county, for enticing and soliciting a person to leave this commonwealth for the purpose of enlisting in the military service of the United States elsewhere.

At the trial in the superior court, before *Putnam*, J., the defendant's counsel filed a motion, before the jury were sworn, to quash the indictment, because it did not allege that the person enticed did leave, or was a citizen of, or liable to do military duty in, this commonwealth. The judge overruled the motion. The defendant then withdrew his plea of not guilty and entered a plea of guilty, and alleged exceptions.

*A. O. Brewster & F. F. Heard,* for the defendant.

*Reed,* A. G., for the Commonwealth.

GRAY, J. This case comes before us upon exceptions to the overruling by the superior court of a motion to quash the indictment, for reasons specified in the motion. The attorney general objects that this decision was final, and not subject to exception; and the first question to be determined is, whether this objection is well founded.

At common law, it was certainly within the discretion of the judge presiding at a criminal trial, either to quash a defective indictment on motion, or to leave the defendant to demur to the indictment, or move in arrest of judgment. 2 Hawk. *c.* 25, § 146. *Rex* v. *Wheatly,* 2 Burr. 1127. *Commonwealth* v. *Gould,* 12 Gray, 173, and cases cited. *State* v. *Putnam,* 38 Maine, 297. But a demurrer to the indictment confesses the facts charged, and if it is overruled, judgment is to be rendered and sentence awarded against the defendant, at least in cases of misdemeanors, unless the court before which the trial is had sees fit to allow him to withdraw his demurrer and plead to the indictment. 2 Hawk. *c.* 31, §§ 5–7. 2 Gabbett Crim. L. 325, 326. *Evans* v. *Commonwealth,* 3 Met. 456, 457. *People* v. *Taylor,* 3 Denio, 98. *State* v. *Merrill,* 37 Maine, 333. *Regina* v. *Faderman,* 4 Cox C. C. 359. The usual manner, therefore, of raising objections to the sufficiency of an indictment, before the *St.* of 1864, *c.* 250, took effect, was by motion in arrest of judgment after conviction by the jury; and to the overruling of such a motion exceptions would lie.

But that statute peremptorily requires that any objection to an indictment for a formal defect apparent upon its face shall be taken by demurrer or motion to quash, and not by motion in arrest of judgment, unless for a cause affecting the jurisdiction of the court. *St.* 1864, *c.* 250, §§ 2, 3. It therefore is no longer within the discretion of the court to refuse to hear a legal objection upon a motion to quash; and if heard, it must be decided according to fixed rules of law. Upon the construction for which the attorney general contends, the defendant could not escape from an erroneous ruling against him in matter of law

by the court below, without abandoning all defence on the facts;
for if he should raise a legal objection by motion to quash, it is
said that no exception would lie; and if he should raise it by
demurrer, he would have no right to plead over without leave of
the judge.   The Declaration of Rights requires that no subject
shall be held to answer for any crime or offence, until the same
is fully and plainly, substantially and formally, described to him;
and we cannot infer that the legislature, by this statute, which is
entitled " an act to promote public justice in criminal cases,"
intended to oblige the accused either to leave the question
whether this requirement of the Constitution has been complied
with to the sudden and final determination of a single judge in
the course of the trial, or else to waive his right of trial by jury.
The manifest purpose of this statute was to require formal ob-
jections to be taken before putting the Commonwealth to the
trouble and expense of a trial on the facts, not to embarrass or
take away the right of the defendant to obtain the opinion of
the highest court upon any such objection.

The questions raised by the motion to quash the indictment
are therefore before us for decision.   But none of the grounds
suggested by the defendant are sufficient to sustain the motion.

1. Whether the person enticed did leave the Commonwealth
was immaterial.   It is the act of enticing or soliciting him to do
so, for the purpose of entering upon and enlisting in military
service in another state, which the *St.* of 1863, *c.* 252, makes
criminal, without regard to the fact whether that purpose is car-
ried out or not.   *Commonwealth* v. *Jacobs*, 9 Allen, 274.

2. Nor was it necessary to allege that he was a citizen of the
Commonwealth.   A person not a citizen, even an alien, although
he could not perhaps be compelled to enlist, might have volun-
tarily enlisted here in the military service ; and therefore comes
within the reason, as well as the express words, of the statute of
1863, which makes it criminal to entice or solicit " any person "
to leave the Commonwealth for the prohibited purpose.   *United
States* v. *Wyngall*, 5 Hill, 16.   *Commonwealth* v. *Jacobs*, above
cited.

3. The act of enticing or soliciting consists of a variety of

acts and circumstances, all originating in the same purpose, **and** is itself a fact, which admits of no precise or definite description; and the particular means used need not, and indeed hardly could be, detailed. The general allegation that the defendant did entice and solicit with the prohibited object is therefore sufficient. *The King* v. *Fuller*, 1 B. & P. 180 ; *S. C.* 2 Leach, (4th ed.) 790 ; 1 East P. C. *c.* 2, § 33. 2 Gabbett Crim. L. 231.

4. The act of congress of March 3d 1865, *c.* 79, upon which the defendant relies as repealing the statute of this commonwealth under which this indictment was found, has no reference or application to the enticing of persons from one state into another for the purpose of entering military service there.

*Exceptions overruled.*