JUDGE HARDIN
delivered the opinion oe the court.
The appellee brought a suit against Ellen Sharp seeking a judgment on several promissory notes, and the foreclosure of a mortgage of a quantity of household furniture made to secure their payment, and sued out an order of attachment, which was levied on furniture found in the house occupied by the defendant.
Afterward Wolf Kahn filed a petition in the action claiming the furniture levied upon, and alleging that he had rented the use of it to Ellen Sharp, in whose possession it was levied on, and asking to be remitted to the possession of the property on his executing a forthcoming bond therefor subject to the order of the court, and thereupon the following order was made by the court:
“This day came Wolf Kahn, by counsel, and on his motion the marshal of this court is directed to permit the *120 said Kahn to give bond, with good security, in the sum of six hundred and eighty dollars for the forthcoming of the property attached herein, conditioned as per section 235 of the Code of Practice.”
A bond was accordingly executed by Kahn, with L. Oppenheimer his surety, as prescribed by said section 235 of the Code, and the property was delivered to Kahn.
Upon a trial of the cause Kahn’s claim was sustained and the attachment discharged; but on an appeal of the plaintiff to this court the judgment was reversed, and the cause remanded with directions to sustain the attachment and subject the property to the satisfaction of the plaintiff’s debts.
These facts are derived from the record and decision of the case on the former appeal.
After the return of the cause it was ascertained that the pleadings and other papers, including the bond of Kahn and Oppenheimer, had been abstracted from the clerk’s office, and could not be produced.
Upon the affidavit of the clerk disclosing these facts, and a notice from the plaintiff to said Sharp, Kahn, and Oppenheimer, the court allowed the plaintiff, on her motion, to file a copy of the transcript of the record of the case as on file in this court, to replace the papers which had been lost or destroyed. And afterward, on the 16th of April, 1869, the following rule was awarded:
“ On motion of plaintiff, by counsel, it is ordered that Ellen Sharp, Wolf Kahn, and L. Oppenheimer pay the money due by them into court on or before the 23d day of April, 1869, or then appear here and show cause to the contrary, if any they can; they being first served with a copy of this rule.”
The rule was served on Kahn and the appellant L. Oppenheimer, and they filed separate responses; Kahn *121 setting .forth the fact that he was insolvent and unable to comply with the rule, and Oppenheimer denying that the bond was his act and deed, or that he was liable thereon, or “subject to any order to pay money in this case.”
Anri thereupon the court adjudged “that respondent Oppenheimer had executed the bond, and was liable on the same, and that his response to the rule, though sufficient, was not true in fact, and ordered that the rule be made absolute, and directed an attachment against the body of the respondent, requiring him to answer for contempt of court;” and from that order this appeal was prayed/
It appears from the record that on hearing the rule an agreement, purporting to have been executed by Kahn and the appellant, dispensing with the valuation of the property required by section 236 of the Civil Code, and admitting the value of the property to have been six hundred and eighty dollars, was read in evidence; but the sum which the plaintiff may have been entitled to recover on the bond for the non-production of the property was not judicially determined, nor did the court order the payment of any particular sum.
Waiving the consideration of objections, which are deemed untenable, taken for the appellant, to the action of the court in permitting Kahn to execute the bond under section 235 of the Civil Code, and in substituting a copy of the record in this court for the lost papers of the suit, the first question of importance to be determined is, was said rule nisi of the 16th of April, 1869, regular and authorized as against the appellant, preliminary to the peremptory order sought to be reversed? The bond given by Kahn and his surety, if executed as it purports to have-been, was not an unconditional obligation to satisfy what *122 ever judgment the plaintiff might recover in the then pending action against Ellen Sharp; but it had the effect to bind Kahn and his surety to have the property forthcoming and subject to the order of the court in the event of a recovery in the action against Sharp, and that the' property should be adjudged liable therefor, or in default thereof to be answerable for whatever loss might result to the plaintiff from a failure so to have the property forthcoming; and it did not invest the court with the arbitrary power to compel the obligors to satisfy the plaintiff’s recovery against Sharp, if the property was adjudged to be liable to it without regard to the value of the property or the option of the obligors to produce it in discharge of the bond. (Schwein v. Sims et al, 2 Met. 209; Halbert, &c. v. McCulloch, &c., 3 Met. 456; Bell v. Western River Imp. and Wrecking Co., ibid. 558.)
The court was directed by the mandate of this court to sustain the attachment, and subject the property to the satisfaction of the plaintiff’s debt, and was authorized by section 254 of the Code, upon sustaining the attachment, to proceed summarily on the bond to enforce the delivery of the property, or the payment of such sum as might be due upon the bond. But, although the appropriate remedy was by special proceeding, and the plaintiff was not required to resort to an action on the bond, the proceeding should have been such as to allow the defendants an opportunity of litigating the facts of the existence and extent of their liability, and the alternative right of discharging the bond by producing the property; and the court was not authorized to proceed peremptorily against the defendants to enforce the payment of any sum to the plaintiff without ascertaining and adjudging the fact and extent of the defendant’s liability on the bond.
If these conclusions be correct, the peremptory order *123 against the appellant is erroneous and prejudicial to his rights.
As, for the reasons mentioned, the judgment must be reversed, and the cause remanded for further proceedings, this court refrains from expressing any opinion on the questions of fact as to the execution of the bond.
"Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.