## WILLIAM L. MURPHY *v.* JOHN BOYD.

[Abstract Kentucky Law Reporter, Vol. 1—345.
Later Reported in Abstract, 4 Ky. L. 441.]

**Mortgages on Partnership Property.**

Among purchasers of different portions of mortgaged property the common burden must be borne ratably; and where a partnership debt is secured by a mortgage on partnership real estate, and also on real estate belonging to one of the partners, the partnership realty cannot be required to be exhausted before selling the mortgaged realty of the member of the firm.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 26, 1880.

OPINION BY JUDGE COFER:

In 1863 Charles Miller & Co. executed to the Northern Bank of Kentucky a mortgage upon certain real estate owned by the firm and known as the wharf property, and on the same day, as we assume, Charles Miller, a member of said firm, executed to the bank a mortgage upon the lot on Preston street owned by him individually to secure the same debt.

Subsequently Miller sold and conveyed the Preston street property to the appellant, W. L. Murphy, who paid the entire purchase-money. After Murphy had purchased the property, paid a part of the purchase-money and received a deed, Miller & Co. executed other mortgages on the wharf property for greatly more than its value. Murphy completed his payments without notice of the subsequent mortgages.

The question on this appeal is whether the lot sold to Murphy shall bear a part of the burden of the debt to the bank, or whether the whole shall be borne by the wharf property, which is sufficient to satisfy the bank, but insufficient to satisfy it and the subsequent mortgages.

This court has repeatedly held that among purchasers of different portions of mortgaged property the common burden shall be borne ratably, and in *Dickey v. Thompson,* 8 B. Mon. 312, after reviewing many cases on the point, the court said the principle had been so often acted upon and announced by this court that it had acquired the character and weight of a rule of property, and could not be departed from without doing practical injustice.

It is attempted, however, to distinguish this case from the class to which Dickey v. Thompson belongs upon two grounds: First, that the Preston street lot was the individual property of Charles Miller, and therefore the wharf property, which is partnership property, should be first exhausted; and second, that the subsequent mortgagees are not purchasers within the meaning of the rule under which a common burden will be apportioned.

The first proposition cannot be maintained. As between the firm and Charles Miller he may have had an equity which would have entitled him to have the firm debts satisfied out of the firm property, but as a member of the firm he is individually liable for the firm debts, and the subsequent mortgagees stand in as favorable an attitude as if all the property had belonged to the firm.

A mortgagee is a purchaser *pro tanto,* and in a contest in which he seeks the enforcement of his mortgage he is entitled to the same protection and the same equities to which an absolute purchaser would be entitled. *Snyder v. Hitt,* 2 Dana 204; *Halbert v. McCulloch,* 3 Met. 456.

Wherefore the judgment is *affirmed.*

*R. J. Elliott, for appellant.　John Boyd, for appellee.*