HARRIS.
vs.
RAY.

ORD. PET.

Case 16.

## Harris vs. Ray.

### APPEAL FROM UNION CIRCUIT.

1. In a suit *ex contractu*, as for medical services, where the account is exhibited and damages claimed for the amount, and there is no answer, no proof is necessary, and it is proper for the court to render judgment for the amount claimed. (*Code of Practice, sec.* 153.)

2. That the petition was not sworn to, though an available objection before judgment, was not after judgment, or on demurrer. It should have been made by rule before judgment.

3. Applications for new trial must be made at the term at which judgment is rendered, and, except in certain cases specified in the 7th subdivision of section 369, within three days after the verdict or decision is rendered, unless unavoidably prevented.

The facts of the case are stated in the opinion of the court.

*B. &. J. Monroe*, for appellant—

1. The court below erred in rendering judgment for the amount of plaintiff's account without any proof that the services charged in the account had been rendered, or the value of those services, and that they were according to the custom of the country. (*Daniel vs. Judy*, 13 *B. Monroe*, 394.) The failing to answer should not be considered as a waiver of the right to a trial by jury, and an inquiry as to the amount of damages.

2. No judgment should have been rendered, as the petition had not been sworn to, nor was defendant bound to answer until it was sworn to.

3. The court, upon the fact appearing upon the motion for a new trial, and tender of an answer, and

especially as the defendant was in the employ of the court as a juror when the case was called, should have granted a new trial, and allowed the set-off to be made.

We ask a reversal.

*J. &. J. M. Harlan*, for appellee—

1. This is an action *ex contractu*. The failure of the defendant to appear and answer was a waiver of the right of trial by jury. (*Code of Practice, section 361.*) But it is said that proof of the value of services, and as charged, was necessary, and *Daniel vs. Judy*, 13 *B. Monroe*, is relied upon. That was a claim founded on *tort*, to recover damages for taking coal; in such cases proof must be adduced.

2. The failure of Harris to appear at the calling of the cause, and to file an answer, was a waiver of all objection to the petition for want of an affidavit, as well as a jury trial. The excuse for failing to answer before the calling of the cause is not sustained.

The grounds made out by the affidavits for setting aside the judgment and granting a new trial, are not sufficient.

We ask an affirmance.

Judge STITES delivered the opinion of the Court—                   June 21.

This was a petition brought by Ray against Harris, to recover the amount of an account filed with the petition, and alleged to be due for medical services and medicines.

The defendant having failed to answer, on the calling of the case, and no defense being announced, judgment was rendered against him on *Saturday, October 28th*, by default, and without a jury. On Thursday following, during the same term, he moved the court to set aside the judgment, upon various grounds set forth in writing, and allow him to file his answer, which presented a valid defense to the action, but his motion was overruled, and he has brought the case up.

HARRIS
vs.
RAY.

The main grounds relied on in the court below, to set aside the judgment, and insisted upon here are: 1. That there was no proof before the court of the account, and no jury to inquire of damages. 2. That the petition was not verified by affidavit; and lastly, that the defendant and his counsel were casually absent when the case was called, and taken by surprise by the rendition of the judgment, and had no opportunity of filing the answer.

In support of the first objection, we are referred to *Daniel vs. Judy,* 13 *B. Monroe,* 393.

1. I a suit *ex contractu,* as for medical services, where the account is exhibited and damages claimed for the amount, and there is no answer, no proof is necessary, and it is proper for the court to render judgment for the amount claimed. (*Code of Practice, sec.* 153.)

The case is not analogous. That was an action *ex delicto,* brought to recover the value of coal taken by the defendant and converted to his use, and the judgment of the Circuit Court by default, for the value as alleged in the petition without proof, was deemed errroneous, because allegations of value are, by the provisions of the Civil Code, not to be taken as true, and the value of the coal was an important fact only to be ascertained by proof. This is an action *ex contractu;* the account is exhibited with the petition, and the amount claimed is specifically alleged to be due and owing from the defendant. No proof nor assessment of damage is necessary, upon such an allegation, to enable the court to pronounce a judgment upon failure to answer, and upon such failure, under the Civil Code, section 153, it should be taken as true.

2. That the petition was not sworn to, though an available objection before judgment, was not after judgment, or on demurrer. It should have been made by rule before judgment.

That the petition was not verified by affidavit would have been an available objection before judgment, but not on demurrer, nor should it be allowed after judgment. It should have been taken by rule before.

The last ground as disclosed by the affidavits of the defendant and his counsel, was, in our opinion, sufficient to have authorized the court to set aside the judgment, and doubtless would have prevailed, if it had been presented in time. But it was not; and for this reason alone do we feel constrained by the

requisitions of the law to affirm the order of the court below, overruling the motion for a new trial.

The Civil Code, section 371, declares that "the application for a new trial must be made at the term the verdict or decision is rendered, and *except* for the cause mentioned in subdivision seven of section 369, *shall be within three days after the verdict or decision was rendered,* unless unavoidably prevented.

The cause in the subdivision referred to is for "newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial."

The ground relied on cannot be brought within that subdivision, and necessarily comes within the operation of the general provision of section 371, *supra.*

No reason is assigned in the affidavits for the delay. The judgment was rendered on Saturday, the 28th October, and no application for a new trial until Thursday following—an interval of more than three juridical days.

It does not even appear by implication from the affidavits that the defendant and his counsel did not know of the rendition of the judgment in sufficient time to have complied with the law.

Notwithstanding hardship may result to the defendant, the judgment must stand and he compelled to resort to a separate proceeding for his set-off.

Judgment affirmed.

3. Applications for new trial must be made at the term at which judgment is rendered, and, except in certain cases specified in the 7th subdivision of section 369, within three days after the verdict or decision rendered, unless unavoidably prevented.