CASE 42—PETITION ORDINARY—JULY 9.

# Schwein vs. Sims et al.

APPEAL FROM KENTON CIRCUIT COURT.

1. That a person who comes into a suit in which an attachment has issued, by petition, in which he disputes the validity of the attachment, sets up claim to the attached property, and prays to be, and is ordered by the court to be, made a party, *was never*, *in fact, formally made a party*, is not ground for reversal, where he was regarded by the court and the plaintiff (who complains of the irregularity) as a party in court, and the action proceeded in all respects as if he had been made a party.

2. In such proceeding the court was authorized by the Civil Code (*section* 257) to empannel a jury to inquire into the fact whether the claimant was the owner, and entitled to the possession of the property at the time the attachment was levied; and a verdict in his favor, in response to that inquiry, must be regarded as relating to that period, although no time be specified in the finding of the jury.

3. The owner of property, in whose possession it is found, if it be levied upon by an attachment against a third party, and he, (the owner,) in order to retain his possession, give bond with condition, such as is prescribed by section 235 of Civil Code, is not thereby precluded from presenting his petition to the court whence the attachment issued, asserting his claim to the property, or disputing the validity of the attachment, as allowed by section 257 of the Code.

4. In such case the claimant having paid into court, subject to its order, a sum of money equal to the value of the attached property, the condition of the bond was complied with and the bond discharged, and he should be allowed to withdraw the money, upon its being determined that the property was his, and not subject to the attachment.

Schwein brought this action in the Kenton circuit court against Sims, on a note for $352, and at the same time obtained an attachment upon the ground that Sims was about to sell, convey, or otherwise dispose of his property, with the fraudulent intent to cheat, hinder, or delay his creditors, which was levied upon some hogs claimed by Howard, who executed the bond and came into the cause, as mentioned in the opinion. Judgment was rendered upon the note against Sims, it not being controverted; and finally a jury, to whom the question was submitted, found by their verdict the hogs to be the property of Howard. Plaintiff's attachment was discharged, Howard recovered his costs, and the clerk was ordered to pay over to him the money which he had paid into court in discharge of his bond. See the opinion for the various steps taken in the cause.

BENTON & NIXON, for appellant, cited *Civil Code, sections* 235, 237, 242; 7 *B. Mon.*, 652.

KINKEAD & CARLISLE, for appellees, cited *Civil Code, secs.* 235, 236, 242, 257; 7 *B. Mon.*, 652; 1 *Ib.*, 73; 12 *Smedes & Marsh.*, 622; 3 *Porter*, 138; 6 *Ala.*, 45; 7 *Missouri*, 411; 10 *Peters*, 400; *Drake on Attachments, sec.* 306; 3 *Martin*, 418; 6 *B. Mon.*, 595; 12 *Pick.*, 557; 5 *J. J. Mar.*, 676.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

In disposing of this appeal we will notice first the alleged irregularities in the proceedings in the circuit court subsequent to the filing by Howard of his petition, in which he disputes the validity of plaintiff's attachment, and states his claim to the hogs which had been levied on, and prays to be made a party to the action.

At, or subsequent to the time of filing this petition, an order was entered by the court directing the plaintiff to make the petitioner and claimant, Howard, a party to the action.

But it does not appear by the record that he was ever actually and formally made a party, and this is now complained of by the plaintiff below, whose duty it was, under this order, to have made him a party as error. But we do not think it available. Although Howard was not, technically and in terms, made a defendant by any action either of the court or the plaintiff, still he was regarded by the court and the plaintiff as a party, and he so regarded himself and acted.

There are several orders of the court which show conclusively that Howard was regarded as being a party and in court; *e. g.*: The order directing a jury to come and try the question as to whether Howard was the owner and entitled to the possession of the hogs. An order setting the cause for hearing *by consent*, which evidently means the cause as between the plaintiff and Howard; for as to Sims, the cause was terminated by judgment. An order by which each party waived exceptions to depositions, and " agreed that depositions taken before Howard was made a party should be read on the trial of the issue between said Howard and the plaintiff, as though they had been taken since he was made a party herein." An application and affidavit by Howard for a continuance, etc., etc.

The action proceeded in all respects as if Howard had in fact been made a party, and we do not perceive that the plaintiff was injured by the failure aforesaid. Although there was an irregularity, it is not of such a character as affected the substantial rights of the appellant, and, therefore, does not furnish ground for a reversal. (See *Civil Code, sec.* 161; *Thompson vs. McDaniel, MS. opin., summer term,* 1859, a case in point.)

Again, it is contended that the order directing the jury to be empanneled was prematurely made, because Howard was not then a party. This position is disposed of by what has been said just above. The court and all concerned then understood Howard to be a party. With that understanding the order was made, and no one injured thereby.

But it is said there was error in swearing the jury. We do not perceive it. Howard's claim to the hogs was stated in his petition. His statements in reference thereto were treated as if they had been specifically controverted by the plaintiff. The court was authorized by the Code (*sec.* 257) to empannel a jury to inquire into the facts. This had been done. A jury was sworn substantially to respond to the inquiry propounded by the order of the court. Both parties were heard, evidence introduced by both, and arguments of counsel in behalf of both; and the jury, by the verdict, did respond to the only inquiry which was or could have been legitimately before them.

It is said that the jury did not find that the hogs belonged to Howard *at the time the attachment was levied.*

True, those words are not used in the verdict. The jury did not say that the hogs belonged to Howard at *any* particular time; but the order of the court was, that a jury should be empanneled to inquire whether Howard was the owner and entitled to the possession of the hogs at the time the attachment was levied; and we are bound to regard the verdict as relating to that particular time.

We will now proceed to notice the grounds taken by appellant which seem to affect more nearly the merits of the controversy.

The hogs were found by the sheriff in the possession of Howard, and were left in his possession, as appears clearly

from his return on the attachment, upon his executing a bond with the conditions prescribed by section 235 of the Civil Code.

The undertaking of the bond was, "that the defendant, Thomas Sims, shall perform the judgment of the court in this action, or that the undersigned, Joseph Howard, will have the seventy-five hogs attached in this action, or their value, four hundred and twelve dollars, forthcoming and subject to the order of the court for the satisfaction of such judgment."

In behalf of the appellant it is insisted that Howard is estopped by the condition of this bond to dispute the title of the defendant Sims to the property; and judgment having been rendered in the action against Sims, the debtor, for the amount of the debt, that Howard was bound to have the property or its value forthcoming and subject to the order of the court *for the satisfaction of the judgment;* and that he has no right to object to such appropriation of the property; that he cannot assert a right in himself to the property, no matter how clear and indisputable that right may be.

To fortify this construction of the bond, the 237th section of the Code is relied upon, which provides that in any proceeding on this bond it shall not be a defense that the property was not subject to the attachment.

In the first place, it is to be observed that, in the case now before us, there was no proceeding on the bond which had been given by Howard. So that, according to its terms, this section has no application to the present controversy; nor do we think it applicable in spirit. The provision of that section was manifestly intended to apply to proceedings had for the enforcement of the bond after the validity of the attachment had been determined; that a party should not be allowed to put in issue and retry a matter which had been previously tried and determined.

But it is contended that the plain and unmistakable language of the bond requires that the property which has been attached, or its value, shall be forthcoming for the satisfaction of the judgment which may be rendered against the debtor, and for no other purpose; that it is dedicated exclusively to that use, and that no inquiry is allowable as to whether it is the

property of the debtor and subject to the attachment or not ; *i. e.*: that one who gives the bond is not allowed to raise any such inquiry or assert a claim to the property.

We do not think that such is the import or effect of the condition of the bond. The condition is in the alternative that the defendant shall perform the judgment of the court in the action, or that the property, or its value, shall be forthcoming and subject to the order of the court, for the satisfaction of the judgment.

The bond may be satisfied in either one of the two modes. 1. By the defendant performing the judgment of the court in the action; or, 2. By the production of the attached property, and rendering it subject to the order of the court. When either one of these acts is performed, the bond is discharged.

It by no means follows that the property when it is forthcoming, and subject to the order of the court, shall be inevitably devoted to the satisfaction of any judgment which has been, or may be, rendered against the debtor defendant. In the latter branch of the alternative condition of the bond the emphatic words are, or the controlling idea is, that the property shall be *subject to the order of the court.*

When it is so placed subject to the order of the court, there is a compliance with the bond. What order the court may make in reference to the property is another matter.

Of course that order will be in accordance with the rights of all the parties in interest. But it is not a matter of uncontrollable necessity that the property shall be used, under the court's order, for the satisfaction of the judgment in the action against the debtor defendant. The obligor in the bond only binds himself to have the property or its value forthcoming for the satisfaction of the judgment, *if the court shall so order it.*

That is the substance and spirit of the undertaking. And he is not thereby precluded from asserting a right in himself to the property, and showing that the property should not be used to satisfy the judgment.

The harsh effect which would be given to the condition of the bond by the interpretation contended for by appellant, would result inevitably and continually in the sacrifice of the

property of one to the payment of the debts of another.  To accomplish this end it would only be necessary to sue out an attachment against the property of a debtor, cause it to be levied upon the property of an innocent third party, allow him to execute a bond similar to the one now under consideration, in order to retain the possession of his own property, and he is forever afterward barred from claiming the property, or denying that it is liable to the attachment.  Its destiny is unalterably fixed.  It must go to the satisfaction of the judgment, although there may not have been in the debtor a shadow or pretence of right to it.  The manifest and gross injustice which results shows that no such interpretation or effect can be given to the bond.

The real owner of property, in whose possession it is found, if it be levied upon by an attachment against a third party, and he, (the owner,) in order to retain his possession, give bond with condition, such as is prescribed by section 235 of the Code, is not thereby precluded from presenting his petition to the court whence the attachment issued, stating his claim to the property, or disputing the validity of the attachment, as provided for and allowed by section 257 of the Civil Code.

The claimant did that in the present case.  He also paid into court a sum of money equal to the value of the attached property.  Thus was the value of the attached property forthcoming, and subject to the order of the court.  The condition of the bond was complied with, and the bond discharged.

Howard having the right, as we have seen, to present in this action his claim to the property, and to show that it was not liable to the attachment, and the jury having determined that the property was his, and not subject to the attachment, it was not erroneous afterwards to allow him to withdraw the money which he had paid into court in discharge of his bond.

The last and only other ground taken by appellant is, that the finding of the jury, upon the issue tried by them, was contrary to the evidence.  So far from this being true, it seems to us that the weight of the evidence is decidedly in favor of the claim of Howard to the property, and that the verdict is in accordance with the testimony.

There being no error in the record, the judgment *is affirmed.*