3bu 225
121   4J

CASE 71—PETITION ORDINARY—FEBRUARY 8.

# Wheeler vs. Wales.

APPEAL FROM JOHNSON CIRCUIT COURT.

1. On plaintiff's motion to strike defendant's amended answer from the record, because not verified, the defendant offered to swear to the same; it was error in the circuit court to refuse to allow him to do so, and in excluding the pleading—the amended answer pleaded facts constituting a bar to the action.
2. Objection to an answer, because not verified, should be made by rule against defendant to swear to the same; and, on his failure to do so, to have it stricken from the record.

RODMAN & ROE,                                    For Appellant,

CITED—

4 Mon., 8; Wagoner vs. The Bells.

Civil Code, sec. 161.

MSS. Opn., Dec. term, 1853; Coil vs. Howard.

Revised Stat., sec. 14; 2 Stant., 400, and notes.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

It appears from the bill of exceptions, that, after the jury was sworn, the plaintiff moved the court " to strike from the record the amended answer of the defendant, which had been filed in open court before the swearing of the jury," because the same had not been verified; and although the defendant then offered to swear to the pleading, the court refused to allow him to do so, and sustained the motion of the plaintiff; and this ruling is complained of as an error for which the judgment against the appellant should be reversed.

The amended answer thus excluded pleaded facts constituting a bar to the action, according to the 14th section

VOL. III—15

*of chapter* 97, *of the Revised Statutes*, by which a surety in an obligation is discharged from liability thereon when seven years have elapsed, without suit thereon, after the cause of action accrued, it being .alleged that the defendant executed the note in controversy as the surety of Jesse Wheeler; and although this defense might have been presented when the original answer was filed, it was not an abuse of the discretion of the court to allow it to be set up afterwards by an amended answer; but if the court would have been authorized on that ground to reject the amendment when offered, having permitted it to be filed, and the parties to go to trial upon 'the issue thus formed, it does not seem to have been right for the court, as is shown in the record, to make the failure of the defendant to present his defense at an earlier period a controlling reason for sustaining a motion to strike out the amendment, based on a different ground.

It seems to us, that if the objection of the plaintiff, that the amendment had not been verified, should not have been treated as waived after the swearing of the jury, the plaintiff was certainly not entitled to more, on that account, than a rule requiring the defendant to swear to the amendment; and only on his failure to do so to have it stricken out; and as the defendant offered to verify the amended answer, the court erred in refusing to allow him to do so, and in excluding the pleading.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.