JUDGE ELLIOTT
delivered the opinion oe the court.
These suits sought a recovery against appellee for moneys borrowed of the plaintiffs in its name by its agent P. Guilfoyle. The amounts deposited were evidenced by a writing, executed by Guilfoyle, and by it a promise is made to return the money on demand of the plaintiffs, with six per cent interest. The writing is filed, but as it is not the foundation of the action, it is not such a writing as dispenses with an affidavit to plaintiffs’ petition.
Plaintiffs filed their suits, not having sworn to their petitions, and the defendant, after it had filed its demurrer, and it had been overruled, and it had filed its answer, was permitted to withdraw it, and then on its motion a rule was awarded against appellants to swear to their petitions, and their failure to do so was punished by a dismissal of their suits.
This ruling of the court was erroneous. This court has decided substantially that after answer filed, by the defendant it is too late to insist that the plaintiff shall swear to his pleading, because by the failure to make the question till after answer the defendant has waived his right to make it.
In this case the defendant had not only demurred to the plaintiffs’ petitions, but had answered to the merits of their claims. The plea that plaintiff has not sworn to his petition is in the nature of a plea in abatement, which at the common law could never be insisted on unless aptly relied on before an answer was put in to the merits of the controversy.
Wherefore the judgments áre reversed, and each of these cases, which were heard together, is remanded for further proceedings consistent with this opinion.