## Morse, et al. v. Buskirk, et al.

(Decided January 5, 1916.)

### Appeal from Breathitt Circuit Court.

1. Parties—Trespass to Try Title—Intervener—Right to be Made a Party—Section 29, Civil Code.—An action of trespass to try title is in effect an action for the recovery of real estate, and an intervening petitioner who asserts an interest in the land should be made a party to the proceeding under Section 29 of the Civil Code.

2. Appeal and Error—Denial of Right to Intervene.—An intervening petitioner, who has been aggrieved thereby, may appeal from a judgment, order, or decree dismissing his petition or overruling his motion to be made a party to the proceeding.

KELLY KASH and HAZELRIGG & HAZELRIGG for appellants.

W. B. DIXON, O. H. POLLARD and G. W. FLEENOR for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

U. B. Buskirk and S. M. Croft, partners doing business under the firm name of Kentucky River Hardwood

Company, and the Kentucky Union Company, alleging that they were the owners and in the actual possession of a certain described tract of land, brought this action against Jack Strong, J. M. Strong and Stephen Little, to enjoin them from trespassing thereon. During the progress of the action, Henry Duff, John Duff and others, claiming to be the heirs and descendants of Edward Strong, deceased, filed their intervening petition, asserting title to the land in question, or a portion thereof, and asked to be made parties. This motion was granted.

Later on, the appellants, Charles P. Morse and others, filed their intervening petition and asked to be made parties to the action. Subsequently they filed an amended petition, which seems to have been lost. Later on they were permitted by the trial court to file an amended and supplemental petition to take the place of the amended petition. In this amended petition they alleged that they owned an undivided one-half interest in the land in controversy and asked to be made parties to the action. Their motion to be made parties was overruled, but the original and amended petitions were ordered to be made a part of the record. From the order refusing to permit the petitioners to be made parties to the action this appeal is prosecuted.

The original action is one of trespass to try title and is similar in effect to an action of ejectment. Chenault v. Quisenberry, 22 R., 79. It must, therefore, be regarded as a proceeding for the recovery of real property. If the allegations contained in the pleadings of the intervening petitioners are true, they have an interest in the land in controversy and, under Section 29 of the Civil Code, should have been made parties to the proceeding.

It is well settled that an intervening petitioner, who has been aggrieved thereby, may appeal from a judgment, order, or decree dismissing his petition or overruling his motion to be made a party to the proceeding. Miller v. Wheeler, 147 Ky., 131, 143 S. W., 1028; U. S. v. Northwestern Dev. Co., 203 Fed., 960, 122 C. C. A.; U. S. v. Phillips, 107 Fed., 824, 46 C. C. A., 660; Thornton v. Highland Ave., Etc. R. Co., 94 Ala., 353, 10 S. W., 442; 3 C. J., 639.

Judgment reversed and cause remanded for proceedings consistent with this opinion.