## Craddock v. Barnett.

(Decided February 6, 1920.)

## Appeal from Fulton Circuit Court.

1. Parties—Intervening Petition—Waiver.—Where an intervening petition was filed without objection and by agreement the affirmative allegations were controverted of record this constituted a waiver of the requirements of section 29 of the Civil Code, of an order making the intervener a defendant, as well as to its verification.

2. Appeal and Error—Pleading—Evidence—Sufficiency.—A motion for a new trial not having been filed within three days after the verdict the only question on appeal is the sufficiency of the pleadings and evidence to support the verdict or judgment.

3. Parties—Intervening Petition—Title and Right of Possession to Real Property.—A person claiming title and right of possession to real property is a proper party defendant by intervention in a proceeding involving title to the same land.

W. J. WEBB and F. S. MOORE for appellant.

B. T. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

In this action it is alleged by plaintiff (appellant) that he was the owner and entitled to the possession of a certain described tract of land of about five acres, but that defendant (appellee) without plaintiff's knowledge or consent had entered upon and taken possession of a portion thereof, and he asked judgment against him in the sum of $200.00 damages $100.00 for rent, and for the possession of the land.

The question involved is the proper location of the division line between the parties.

The suit was originally brought against Connie Barnett, who denied ownership or possession on the part of plaintiff to the land in controversy, and asserted title and possession in himself. During the progress of the trial Lillie Barnett, wife of the defendant, tendered her petition in which she claimed to be the owner of the land involved, and that she had been in the continuous, open, adverse possession of same for more than 15 years before the institution of the action. She asked to be made a party; that her petition be taken as her answer, and

that she be adjudged the owner of the land and entitled to the possession thereof.

Immediately following the above notation in the record is this order:

"By agreement the material affi.mative allegations in said petition are controverted of record. The jury resumed seats and retired to their room for deliberation and afterward returned into court, the following verdict, viz.:

"'We the jury find for the defendant Barnett.

"'G. G. BARD, Foreman.'"

Thereafter the court entered judgment in conformity to said verdict adjudging that Lillie Barnett was the owner of the land. It is said the intervening petition was not verified and there was no order making Lillie Barnett a party to the suit, as required by sec. 29, Civil Code, but the agreed order was a waiver of such requirements and it is so conceded by appellant. Besides, as said in Crowe, etc. v. Straw, 14 Rep. 206:

"Upon the presentation of a petition by one who seeks to be made a party to a pending action the proper practice is for the court to order the petitioner to be made a party and his petition to be taken as his answer, but after the petition is filed as an answer and the petitioner is afterward, by motions made in the action, recognized as a party, it is then too late to object that there was no formal order making him a party." To same effect is Schwein v. Sims, etc., 2 Met. 209.

As no motion for a new trial was filed within three days after the rendition of the verdict, counsel candidly admits that the only question for our consideration is the sufficiency of the pleading and the evidence to support the verdict or judgment. Roberts Cotton Oil Co. v. Dodd & Johnson, 163 Ky. 695, 174 S. W. 485, in which case it is said:

". . . And, in the absence of a motion and grounds for a new trial, nothing is brought to this court for review on appeal, except the inquiry as to whether the petition states a cause of action, and whether the evidence presented by the bill of exceptions authorized the judgment. Every other error upon the trial is waived by the failure to call the attention of the trial court to it, by motion and specific grounds assigned. If there is any evidence to support the verdict and judgment they will not be disturbed."

Both the answer and the intervening petition sufficiently set up title to and possession of the property as claimed by plaintiff and the intervener, and the testimony of a number of witnesses supports the allegations of these pleadings, thus the record contains ample proof to sustain the verdict.

It is urged that the action was not such as authorized an intervention by Lillie Barnett. With this contention we can not agree.

Section 29 of the Civil Code provides:

"In an action or proceeding for the recovery of real or personal property, or for the subjection thereof to a demand of the plaintiff under an attachment or other lien, any person claiming a right to, or interest in, the property or its proceeds, may, before payment of the proceeds to the plaintiff, file, in the action, his verified petition, stating his claim and controverting that of the plaintiff; whereupon the court may order him to be made a defendant; and upon that being done, his petition shall be treated as his answer. But if he be a non-resident he must give security for costs."

In the present action plaintiff is seeking to recover real estate in the possession of Connie Barnett; Lillie Barnett having asserted her right and title to the property was a proper party, was so treated and considered by the court and the parties, and with the issues thus joined the case proceeded to judgment.

Marsh v. Buskirk, etc., 167 Ky. 571, 181 S. W. 173, was an action of trespass to try title, and the court held that as such it should be regarded as a proceeding for the recovery of real property and if the allegations in the pleadings of the intervening petitioners were true the parties had such an interest in the land in controversy under section 29 of the Civil Code, that they should have been made parties to the proceeding.

It is said the verdict in this case did not authorize a judgment in behalf of Lillie Barnett, and for this reason a reversal should be ordered, but a judgment for either of the defendants is conclusive against any claim of right, title or interest in plaintiff.

In so far as plaintiff is concerned it matters not whether the title is in Connie Barnett or his wife. The right of ownership or possession in either would be a complete bar to the claim of a similar nature on plaintiff's part.

The record contains no objection to the entry of judgment in behalf of Lillie Barnett; hence, if this was error, it is too late to make complaint now.

For the reasons given the judgment is affirmed.