## The Bedford-Nugent Company v. Herndon.

(Decided November 14, 1922.)

### Appeal from Henderson Circuit Court.

1.  Trespass—Action for Damages for Removal of Sand and Gravel from River Front—Waters and Water Courses.—Where sandbars are built up next to the shore of a landowner and extend a considerable distance into the river, which is something like a mile wide at the point, the sandbars being within the lines of the landowner, were in her possession and control and no one had a right to trespass upon same.

2.  Trespass—Action for Removal of Sand and Gravel from river Front—Evidence.—As this case reduces itself to a question of fact as to whether the sand and gravel taken from that part of the river in front of appellee's land which was south of the thread of the stream, as contended by appellee, or north of the thread, as contended by appellant, and was properly submitted to a jury, the verdict will not be disturbed.

BRILL, HATFIELD & BRADY and YEAMAN & YEAMAN for appellant.

WORSHAM & HUNT for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

For several years before the commencement of this action Mrs. Herndon owned and held a tract of 280 acres of land in Henderson county, Kentucky, fronting on the Ohio river. In the years 1914, 1915, 1916, 1917 and 1918 appellant, Bedford-Nugent Company, which was engaged in the preparation and sale of gravel and sand, entered upon the Ohio river in front of her premises with boats, diggers and other machinery and dug and carried away in each of these years a large quantity of sand and gravel which it marketed. She brought this action against the company in 1918 for the recovery of damages for the wrongful taking of said sand and gravel for the last preceding five years. A trial resulted in a verdict for one thousand ($1,000.00) dollars in her favor. The company appeals.

The company makes several complaints against the judgment and asks a reversal thereof because the court misinstructed the jury, and failed to direct the jury to find and return a verdict for it on the ground that there was no evidence for plaintiff sufficient to carry the case to the jury. In considering these questions we will incidentally cover all the other questions made by appellant.

The petition alleges that Mrs. Herndon was not only the owner of the 280 acres fronting on the Ohio river but was the owner of all the land underlying the river which was included between two parallel lines from her corners on the shore running at right angles with the stream. In this she is mistaken and practically admits as much in her brief in this case. True the state of Kentucky owns the land to the Indiana shore at low-water mark, but as held in the case of Ware v. Hager, 126 Kentucky 324, landowners on the Kentucky side own only to the thread of the stream. Berry v. Snyder, 3 Bush 226; Miller v. Hepburn, 8 Bush 326.

The principal question in the case is whether the company took the sand and gravel from that part of the river which lies between the thread of that stream and the Kentucky shore along which Mrs. Herndon lives. Appellant contends that it took sand only from the Indiana side of the river and did not take sand from any land on the south side of the thread of the stream. In other words, it admits the taking of sand and gravel but denies it took any from the lands of Mrs. Herndon—therefore denies liability. There were quite a number of witnesses testifying on both sides. Those for Mrs. Herndon say that they saw some sand and gravel concern taking sand and gravel from the river in front of her premises, but only a few of them are able to say with definiteness that the taking was from the river bed which lies between the thread of the stream and Mrs. Herndon's land; but some of the witnesses did so state. The witnesses for the company testified emphatically that it did not take any sand or gravel from the said territory but only took sand and gravel from the north side of the river, some distance beyond the thread of the stream. This was a controverted fact properly triable by a jury. There was abundant evidence to carry the case to the jury and likewise a sufficiency of evidence to support the verdict.

Appellant insists that the instructions given by the trial court to the jury were erroneous in that the jury was not told that the taking of the sand and gravel must be from that part of the river lying between the thread of the stream and the shore lands of appellee. But in his argument counsel overlooks that part of the instruction reading: ''The court instructs you that plaintiff's title to her land described by the evidence and her title to the sand and gravel extends to the middle of the river.''

He further complains that no mention should have been made of the sandbar or accretions in the instructions, but we cannot agree with this contention for it is made plain by the evidence and shown on the government map made a part of the record that a very considerable sandbar has been built up next to the shores of appellee and extends a considerable distance into the river, which is something like a mile wide at this point. This sandbar being upon the premises of appellee was in her possession and control and no one had a right to trespass upon it any more than upon her other lands. It may be further stated that when such a sandbar is built up it becomes a barrier over which water cannot pass except in very high tides, and this accretion compels the thread of the stream to move westward. It often happens that the thread of the stream changes from one place to another. In fact sometimes the whole stream changes its course by cutting through the land. If as contended by appellee the sandbar which was built up by accretions on her possession forced the water into a more northern channel, appellee has a right to claim all such new accretions, and appellant has no right to complain thereof.

As this case reduces itself to a question of fact—whether the sand and gravel were taken from the south side of the thread of the stream and therefore from appellee's land, or was taken by appellant from the lands north of such thread—it was purely a question for the jury, and in as much as the jury, under proper instructions, found for appellee Mrs. Herndon, the judgment entered on that verdict must be affirmed.

Judgment affirmed.