# Bellamy v. Krebs.

(Decided March 5, 1926.)

## Appeal from McCracken Circuit Court.

1. Pleading—Undenied Material Allegations of Complaint in Intervention Must be Accepted as True, and Proof to Contrary Will Not be Considered in Absence of Denial (Civil Code of Practice, Section 29).—In action seeking to hold as garnishee maker of note payable to debtor, material allegations of complaint in interven-

tion under Civil Code of Practice, section 29, claiming intervener to be transferee of note, must be accepted as true, in absence of denial, notwithstanding parties went to trial and introduced evidence on issue.

2. Pleading—Under Civil Code of Practice, section 138, lack of verification of pleading and the right to require it is waived by failure to object.

3. Appeal and Error.—Failure of trial court to make intervener party to action by order under Civil Code of Practice, section 29, is unavailing to plaintiff after judgment and appeal by intervener.

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On November 14, 1924, the appellee, Casper Krebs, filed an equity action in the McCracken circuit court against T. S. Heady, alleging in his petition that Heady owed him a note amounting to $540.00 which would become due on the 10th day of April, 1925, but that defendant was about to depart from the state with the intent to defraud his creditors and was concealing his property so that the process of the court after judgment could not reach it, and he sought to be indemnified to the extent of his debt and cost by attaching enough of defendant's property for that purpose, after alleging the necessary grounds therefor, all of which proceeding was had pursuant to the provisions of section 237 of our Civil Code. After that debt matured an amended petition was filed setting up the fact that Henry Lawrence was indebted to the defendant, Heady, which was evidenced by a note for $600.00 and due on December 11, 1924, and he was duly summoned as a garnishee in the case. Summons was issued for Heady but was never executed on him, nor was he proceeded against by warning order. But before any orders in the case, except the filing of the amended petition, the appellant, Bellamy, filed his intervening petition in the cause in which he alleged that the defendant, Heady, had transferred to him the Lawrence note for a valuable consideration and before it became due or was attached and that he was the owner thereof and entitled to its proceeds, and he prayed that it be so adjudged on a final submission of the cause.

That pleading was not responded to, nor were its allega-tions denied by any order of court. Notwithstanding such failure to deny, the parties took proof and upon submission the court dismissed appellant's intervening pleading and from that judgment he prosecutes this appeal.

We are precluded from considering the evidence heard upon the trial, since it is the universal rule that undenied material allegations must be accepted as true, for it is also the rule that there must be both allegation and proof in order to entitle the litigant to the relief he seeks. Waiving, therefore, in this case the sufficiency of the testimony taken to warrant the judgment appealed from, but accepting its sufficiency for that purpose, we then have a case where there is proof but no (controverting) allegation.

Appellant's right to file his intervening pleading in this character of case is guaranteed to him by the provisions of section 29 of our Civil Code. But it is therein said that his petition which he files in the action should be verified, and it was not done in this case, nor was there any order of the court making him a party to the action. However, neither of those omissions are available to appellee on this appeal. It is true that it was held by this court in the case of Park v. McReynolds, 111 Ky. 651, that a pleading required by the court to be verified would not be considered as filed for any purpose in the case, unless it was verified, although it may have been actually filed; but so much of the opinion as so held was expressly overruled in the case of City of Dayton v. Hirth, 121 Ky. 42, and that holding was followed with an express condemnation of the opinion in the McReynolds case in the later one of New York Life Insurance Company v. Long, 177 Ky. 445. In both the Hirth and Long cases it was held that verification is not a prerequisite to the creation of a valid pleading although it may be expressly required by some provision of the Code; and further, that ''Objections to a pleading for want of verification should be made by rule requiring the party to verify, and, upon his failure to do so, the pleading should be striken from the record, but not until a rule to verify has been awarded and time given,'' and in support thereof these cases were cited: Wheeler v. Wales, 3 Bush 225; Baxter v. Knox, 17 K. L. R. 489; Payne v. Tugg, 19 K. L. R. 801. In addition to those cases the Long case also cited the Hirth one.

In further support of the rule of practice as so announced, section 138 of the Civil Code says: "No objection shall be taken, after the commencement of the trial, to any pleading for the want of, or a defect in, the verification," and it was held in the case of Butler v. Church of Conception, 14 Bush 540, and Mentor v. Turpin, 4 Met. 93, that the right to require verification is waived by responding to the unverified pleading without objecting to its want of verification.

That the failure of the court by an order to make appellant a party to the action is unavailing at the present stage of the cause was so held by us in the case of Schwein v. Sims, 2 Met. 209, and that holding was approved and adopted in the subsequent cases of Crowe v. Straw, 14 K. L. R. 206, and Craddock v. Barnett, 186 Ky. 791.

There is no alternative, therefore, except to reverse the judgment, and it is so ordered, with directions for proceedings in accordance with this opinion.