the trial court in failing to admonish the jury. If it affirmatively appeared from the record that such statement was wholly unprovoked, and not in answer to previous argument, it would be wholly unjustifiable.

We find no prejudicial error upon the face of the record and the judgment will therefore be affirmed.

*Judgment affirmed.*

RICHARDS, P. J., and YOUNG, J., concur.

---

## FOWLER v. SMITH.

*Negotiable instruments—Consideration, value and valuable consideration defined—Antecedent or pre-existing debt constitutes value—Wills—Language given plain, ordinary meaning—Wife bequeathed life estate by husband—Wife without actionable interest in unpaid note payable to husband—Maker executed new note to widow and old note surrendered—New note without consideration.*

1. In determining what constitutes consideration for note, "value" is any consideration sufficient to support a simple contract.
2. Antecedent or pre-existing debt is sufficient to constitute value, in determining consideration for note.
3. Under will bequeathing to wife all husband's property during her natural life, or as long as she remains unmarried, wife took no actionable interest in unpaid note payable to husband.
4. "Consideration" is benefit to promisor or loss or detriment to promisee, in determining validity of consideration of negotiable instrument.
5. "Valuable consideration" may consist either in some right, interest, profit, or benefit accrued to one party, or some

App.]                    Fowler *v.* Smith.

forbearance, detriment, loss, or responsibility suffered or. undertaken by the other.

6. Language in will must be given its plain, ordinary meaning.
7. Under will bequeathing all of husband's property to wife for life, or as long as she remains unmarried, wife took only life estate in unpaid note payable to husband.
8. Where widow took life interest in note payable to husband, execution of new note to widow by maker of old note on surrender of old note was without consideration, and court should have directed verdict for defendant in suit on new note.

(Decided December 11, 1926.)

ERROR: Court of Appeals for Morgan county.

*Mr. Charles H. Fouts,* for plaintiff in error.
*Mr. M. E. Danford* and *Mr. J. Q. Lyne,* for defendant in error.

HOUCK, J.    This is a proceeding in error and the errors complained of are alleged to have occurred in the trial of this case in the common pleas court of Morgan county.

M. L. Fowler was the defendant below and Emma M. Smith was the plaintiff. Therefore in this court they stand in an order the reverse of that held in the trial court.

The suit in the lower court was based on a promissory note executed by M. L. Fowler to Emma M. Smith, bearing date of March 11, 1911, and due one year after date; the face of the note being for $100, and bearing interest at 5 per cent., payable annually.

No credits or indorsements appeared on said note and no.payments were made thereon.

The answer of the defendant, Fowler, was, first,

a general denial; second, that plaintiff was not the owner and legal holder of said note; third, that, if plaintiff had any interest in the note, it was not a full and complete ownership, but a joint ownership with others; fourth, that said note was given without any consideration, and there was no consideration for same.

The cause was submitted to a jury and a verdict returned by it in the full amount sued for with interest, to wit, the sum of $175.44.

The usual motion for a new trial was filed and overruled.

A number of alleged grounds of reversal are set out in the petition in error, but we are inclined to believe that each and all of the grounds are included in the refusal of the trial judge to sustain the motion of plaintiff in error, the defendant below, for a directed verdict, and the refusal to sustain the motion for a new trial of defendant below, the plaintiff in error here.

The facts as disclosed by the record are in substance as follows: Emma M. Smith was the wife of J. W. Smith, who died leaving said Emma M. Smith, his widow, and two minor children surviving. At the time of the death of J. W. Smith he was the owner of and had in his possession a certain promissory note signed by M. L. Fowler and his wife in the sum of $150, made payable to J. W. Smith, on which a payment of $50 had been made. This note was among the papers belonging to said J. W. Smith at the time of his death.

A few days after the death of Smith, Fowler went to the Smith home, where the widow, Emma M. Smith, was residing. Fowler is a brother of Mrs. Smith. A will of the deceased was in exist-

ence, and Fowler was named as one of the executors. In looking over the papers belonging to the estate of Smith, the note held by Smith against Fowler and his wife was discovered. Thereupon Fowler took the note payable to J. W. Smith and executed to the defendant in error, Emma M. Smith, the note now in suit, Fowler taking possession of the former note.

The will of Smith was dated February 24, 1911, and the transaction between Fowler and Mrs. Smith, when the new note was executed, was on March 11, 1911. The Smith will was probated in August, 1911. The executors named in the will did not qualify, and there never has been any administration of the estate of said decedent, Smith. However, it is claimed that all of the debts of said estate have been paid.

It is urged by plaintiff in error that there was no consideration for the note now in controversy; that the old note on the death of Smith belonged to his estate; that the title to the old note and its ownership vested in the estate of Smith; that by no contract between the widow and Fowler could there be a change in the title to the old note; and that the debt of Fowler to the estate has not been relinquished; thus maintaining that there should be no recovery on the note in suit because it was executed and given without any consideration passing from the payee to the maker.

Upon the other hand, it is urged by counsel for defendant in error that there was a good and valid consideration for the note, and that by reason of the record facts, and the provisions of the last will and testament of J. W. Smith, his widow, Emma M. Smith, is now the owner and holder of

the note in controversy, and entitled to recover thereon.

Item 3 of the last will and testament of J. W. Smith reads:

"I bequeath to my wife, Emma M. Smith, all my property, both real and personal, during her natural life or so long as she remains my widow."

The question to be determined in this case is, was there a valuable consideration to support the note upon which judgment was entered in this case in the common pleas court?

In discussing what constitutes consideration we think the rule is well settled that value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt is sufficient to constitute value.

This brings us to the inquiry as to what interest, if any, Emma M. Smith had in the note given by Fowler and his wife to J. W. Smith, and which note was surrendered to Fowler at the time of his execution of the note now in litigation to Emma M. Smith.

Under the record facts we are inclined to believe that Emma M. Smith has no actionable interest in the note. Authorities seem to be unanimous that a consideration is a benefit to the promisor or a loss or detriment to the promisee; and this definition is sufficiently comprehensible to determine the validity of the consideration of a negotiable instrument. But the cases are not infrequent in which, to avoid arbitrary exceptions, it has been found necessary to define more accurately and comprehensively.

It may be further said that a valuable consideration, in contemplation of law, may consist either in

some right, interest, profit, or benefit accrued to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.

It occurs to us that if the rules herein laid down are applied to the facts in this case, we must find in favor of Fowler and against Mrs. Smith.

Learned counsel for defendant in error insist that, under Item 3 of the will of J. W. Smith, Emma M. Smith, his widow, took the corpus, and not simply a life estate in the surrendered promissory note.

The language in a will must be given its plain, ordinary meaning, and if this be done with Item 3 of the Smith will we are compelled to hold that Emma M. Smith took but a life estate in the surrendered note.

It therefore naturally follows that in event this conclusion is sound the surrendered note belonged to the estate of J. W. Smith, and not to Emma M. Smith, by reason whereof the note executed by Fowler to Emma M. Smith was wholly and entirely without a consideration to support it.

Counsel for defendant in error predicate their construction of Item 3 of the Smith will, to the effect that Emma M. Smith owned the corpus of the surrendered note, on the ruling laid down in the case of *Posegate* v. *South,* 46 Ohio St., 391, 21 N. E., 641. We cannot agree with learned counsel in this claim, because in the cited case, and other cases referred to therein, the executor of the estate had turned over to the widow the personal property, while in the instant case no settlement of the estate has ever been had.

We think it will be conceded that in the cited case the testator gave to his wife absolutely the personal property, providing, however, that ''said personal estate, or so much as shall be unconsumed, to be equally divided between'' his heirs, naming them, while in the present case only a life estate in the personal estate was given to the widow, and that only so long as she remained the widow of the testator.

It occurs to us that a further discussion of the facts and law of this case is not necessary. We are therefore bound to hold, and do hold, that the motion for a directed verdict for the defendant below, the plaintiff in error here, should have been sustained by the trial judge, and that his refusal to do so is and was prejudicial error to the rights of plaintiff in error.

*Judgment reversed.*

SHIELDS, J., concurs.
LEMERT, J., dissents.