## Justice, et al. v. Elkhorn Wholesale Grocery Company, et al.

(Decided February 25, 1927.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Order Overruling Motion of Party to Suit to Have Receiver Appointed for Corporation to File Amended Pleading is Not Appealable as Final Order.—Order overruling motion of stockholder, already party to suit, to have receiver appointed for corporation to file amended pleading, claiming lien on corporation's property as holder of preferred stock, is not final order from which he can appeal.

2. Appeal and Error—One Seeking to be Made Party to Action May Appeal from Order Denying Petition.—One who seeks to be made party to action may appeal from order, judgment or decree denying his petition or motion, since as to him it is final order.

3. Appeal and Error—Refusal to Allow Preferred Stockholder, Claiming Lien for Value of Stock, to Intervene in Suit to Have Receiver Appointed, Held Not Prejudicial Error, in View of Insufficient Assets.—Refusal to allow holder of preferred stock, claiming lien on corporation's property for value of such stock, to intervene in suit to have receiver appointed, held not prejudicial error, where total assets of corporation were insufficient to pay creditors.

4. Corporations—Provisions of Articles of Incorporation do Not Give Preferred Stockholder Prior Lien on Corporation's Property for Value of Stock as Against Creditors.—Holder of preferred stock has no prior lien on corporation's property for value of such stock on dissolution as against creditors, notwithstanding provisions of articles of incorporation providing for first lien.

MOORE & CHILDERS for appellants.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Appeal of Robinson dismissed; appeal of Justice affirmed.

In October, 1923, suit was brought by the officers, directors and a number of stockholders of the Elkhorn Wholesale Grocery Company, a corporation, to have a receiver appointed for the company on the ground that it was unable to meet its liabilities, that many suits against it were threatened, that a great deal of its property was perishable in its nature, and that best interests of its creditors and of its stockholders required a receivership. By an amended petition, all of the stockholders of the company were made parties either plaintiff or defendant except the appellant, G. A. Justice, who

was the owner of 16 shares of the preferred stock, and who through oversight was omitted from the parties litigant. The other appellant, T. J. Robinson, a director and stockholder of the company, was a party plaintiff in the suit. No creditor was made a party by either the original or amended petition. All the parties to the suit, both plaintiff and defendant, consenting, the court appointed a receiver for the company. Thereafter, under order of court, he advertised for creditors, a list of whom had also been furnished him by the company. They duly filed their claims with him, and so became parties to the suit. Civil Code 432; Combs v. Allen, 208 Ky. 519, 271 S. W. 598.

Summarizing the further proceedings had in this receivership suit, we find from the record that in due course of time all of the personal property of the corporation was disposed of by the receiver, the proceeds falling far short of satisfying the liabilities of the company to its creditors. The receiver thereupon made a report to the court, recommending that the real estate of the corporation, on which there were outstanding mortgage liens be sold, the proceeds distributed among the creditors, and the company wound up. This recommendation of the receiver seems to have been concurred in by all the stockholders except these two appellants. The court then ordered the real estate sold for the purposes recommended by the receiver. Thereupon the appellant Justice tendered and offered to file his intervening petition, in which he claimed that he owned 16 shares of the preferred stock of the company, that by its articles of incorporation it was provided that on dissolution of the company the preferred stockholders should have a first lien upon its property to secure them in the repayment to them of the par value of their stock, and that the company stood dissolved, for which reason he was entitled to enforce his lien upon all the assets of the company. At the same time the appellant T. J. Robinson tendered his amended petition, in which he set up that he was the owner of 50 shares of the preferred stock, and then the same allegation about the claimed lien to secure his investment that Justice had set out in his pleading. He asked the same relief as did Justice. On objection to the filing of these two pleadings, the court declined to allow them to be filed, and from this order Justice and Robinson appeal.

Robinson is and has always been a party to the suit. It is obvious that the order overruling his motion to file an amended pleading in that litigation is not a final order as to him from which he can appeal. Wilhelm v. Hendrick, 177 Ky. 296, 197 S. W. 836. His appeal is therefore dismissed.

So far as Justice is concerned, in Morse v. Buskirk, 167 Ky. 571, 181 S. W. 173, we held that one who seeks to be made a party to an action may appeal from an order, judgment or decree, denying his petition or motion, because as to him, it is a final order. It is obvious, however, that the court committed no prejudicial error in refusing to permit Justice to file his intervening petition. The record shows that the assets of the Elkhorn Wholesale Grocery Company are entirely insufficient to pay its creditors concededly such, and that, even if the sale of the real estate be set aside and it be sold again, and it then brings all which the appellant Justice seems to think it ought to bring, the assets will still not be enough to pay these creditors in full. Although Justice might, as between him and the common stockholders, have a prior lien on the assets of the company on dissolution by virtue of the provisions in the articles of incorporation above mentioned, yet the law is perfectly plain that, as between him and the creditors of the company, he has no such lien. Rider v. John G. Delker & Sons Co., 145 Ky. 634, 140 S. W. 1011, 39 L. R. A. (N. S.) 1007. This being true, as the creditors will exhaust all the assets of the company, there will be nothing left to satisfy the claimed lien of Justice. In his intervening petition, Justice did not attack any of the claims of the creditors. He rested his right to relief solely on the asserted clause in the articles of incorporation. But such clause gave him no priority over the creditors. Hence it is plain that, had Justice been made a party to this litigation, he would be no better off than he is now, for in either event he could not prevail as against the creditors, and, with them paid, there is nothing left against which he can assert his claimed lien. No error prejudicial to the substantial rights of Justice appearing, the judgment as to him is affirmed.

Appeal of Robinson dismissed.

Appeal of Justice affirmed.