## Petter v. Roetties' Administratrix.

(Decided June 4, 1937.)

CHARLES H. LOWRY for appellant.

C. C. GRASSHAM and T. W. THRELKELD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Stanley D. Petter brought this action against W. B. Roetties and his wife, Fern Roetties, to recover on a $500 note which they both had executed. The petition contained the necessary allegations for an attachment, and an order of attachment was served on the Citizens Savings Bank. Process was served on Fern Roetties the day the action was filed, and at the following January term of court a default judgment was rendered against her. W. B. Roetties died before process was served on him. Shortly after his death Fern Roet-

ties qualified as his administratrix, and a written motion was filed asking that the case be reinstated on the docket and continued in the name of Mrs. W. B. Roetties, administratrix of W. B. Roetties, deceased. On application of Mrs. Roetties the personal judgment against her was set aside. Later on Fern Roetties, administratrix, moved to discharge the attachment upon the face of the papers, and the motion was overruled. Fern Roetties then filed an answer admitting that she and W. B. Roetties executed the note, but pleading that she was a married woman, and signed the note only as surety. She also denied the grounds of attachment, and pleaded that she was the owner of the attached funds. Proof was taken by depositions, and on final hearing judgment was rendered against Fern Roetties, administratrix of the estate of W. B. Roetties, but the attachment was discharged.

It is insisted that appellant was entitled to a judgment sustaining the attachment for the reason that the grounds of the attachment were never denied by Mrs. W. B. Roetties as administratrix, but were denied only by her individually, and the answer which she filed was not verified. The record does not disclose that appellant asked for a rule requiring verification, and, that being true, the lack of verification and the right to require it were waived. Bellamy v. Krebs, 213 Ky. 373, 281 S. W. 187. Eliminating that feature, we have the following situation: Not only were W. B. Roetties and Fern Roetties joint makers of the note, but she was claiming the attached funds. Though she did not put the word "administratrix" after her name, she did deny the grounds of attachment. Appellant did not make a motion at the outset of the hearing to have the allegations of the petition concerning the grounds of attachment taken as confessed as to the W. B. Roetties estate. On the contrary, the parties treated the denial as sufficient, and all the evidence bearing on the questions was heard without objection. We are therefore constrained to the view that the answer inured to the benefit of W. B. Roetties' estate as well as to the benefit of Mrs. Roetties, individually, and the failure to deny on behalf of the estate was waived. Beddow's Adm'r v. Barbourville Water, Ice & Light Co., 252 Ky. 267, 66 S. W. (2d) 821

Judgment affirmed.