## Vater v. Vater's Adm'rs et al.

(Decided Feb. 15, 1938.)

Reversing.

C. C. ADAMS for appellant.
OTTO WOLF for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On June 8, 1936, Joseph Vater and others, as administrators of the estate of Frank Vater, deceased, instituted an action in the Campbell circuit court seeking to recover on a note for $2,188 which the defendant on April 5, 1931, executed and delivered to Mary Elizabeth Vater and which bore the following indorsement signed by the payee, "For value received I hereby assign and transfer the within note to the administrators of the estate of Frank Vater, this 5th day of March, 1936."

On July 6, 1936, plaintiff entered motion to submit the cause for judgment and defendant tendered and asked leave to file answer wherein he admitted the execution of the note, but pleaded no consideration both as to the execution and assignment thereof. Objection to the filing of the answer because it was not verified was sustained and the filing thereof refused. The defendant then moved the court for a reasonable time within which to verify the answer, but this was denied and over his objection the cause was submitted and it was thereupon adjudged that the administrators recover the principal sum of the note with interest as therein provided. To all of which defendant objected and excepted. On July 20, 1936, defendant filed a motion to set aside the judgment on the ground that he had not been permitted to

file his answer or given time to have it properly verified. Before this motion was passed upon, an execution which issued on the judgment had been levied upon the undivided one-seventh interest of the defendant in the farm of his deceased father, Frank Vater. Defendant's interest in the land was subsequently sold under execution and Joseph Vater became the purchaser for the sum of $1,000. Defendant entered a motion to quash the execution and to set aside the levy and sale thereunder and filed a separate action alleging that his undivided interest in the land was not worth in excess of $1,000 and that same was exempt to him as a homestead and sought to enjoin the sale of his interest under execution for that and other reasons set out in his petition.

The actions were consolidated and defendant was denied all relief sought and is appealing from the judgment rendered against him on the note and the order overruling motion to set it aside and also from the order in the consolidated actions overruling his motion to set aside the sale made by the sheriff under the execution.

It is first argued that the court erred in refusing to permit the defendant to file his answer and in entering judgment without giving reasonable time within which to have the answer verified. Defendant was not present in court when his answer was tendered by his counsel and when the court refused to permit the answer to be filed on the ground that it was not verified, counsel moved the court to grant reasonable time in which to have the answer verified and this, as above indicated, was refused.

Section 472 of the Statutes provides, "The consideration of any writing, with or without seal, may be impeached or denied by pleading verified by oath," but it has never been held by this court that a right of recovery or a defense may be denied under this section merely because of want of verification of a pleading. On the other hand, it has been held that the failure or omission to verify a pleading impeaching the consideration of a writing may be waived by failure to object. Hite v. Reynolds, 163 Ky. 502, 512, 173 S. W. 1108, Ann. Cas. 1917B, 619; Petter v. Roetties' Adm'x, 269 Ky. 48, 106 S. W. (2d) 130.

There is a rule of general application in this jurisdiction that an objection to a petition, answer, or other

pleading for want of verification should be by rule against the pleader to verify and on his failure to do so to have it stricken. Bullock v. Young, 252 Ky. 640, 67 S. W. (2d) 941; Wheeler v. Wales, 66 Ky. 225, 3 Bush 225; Harris v. Ray, 54 Ky. 628, 15 B. Mon. 628; New York Life Insurance Company v. Long, 177 Ky. 445, 197 S. W. 948; Petter v. Roetties' Adm'x, supra. In the light of these authorities and in the circumstances, we unhesitatingly conclude that the court erred in refusing to permit answer to be filed or to extend the time for its verification.

It is argued by counsel for appellees that the motion to set aside the judgment was not properly entered, but this is not borne out by the record and the court took cognizance of and passed upon the motion. Contention is made by appellant that the court was in vacation at the time motion to set aside the judgment was filed and reference is made to rules adopted by the court, but such rules have not been certified to this court, nor is there any agreement concerning them as there was in the opinion of this court referred to by counsel but which has not been published.

Argument is made by counsel for appellee concerning the right of the personal representatives or other beneficiaries of the estate to deduct the amount of appellant's indebtedness from his portion of the inherited estate and the recent case of Loverett v. Veatch et al., 268 Ky. 797, 105 S. W. (2d) 1052, 110 A. L. R. 1378, is relied on; but in that case the indebtedness was to the ancestor from whom the heir inherited the estate. In the case before us, the note was not made to appellant's father from whom he inherited the undivided one-seventh interest in the farm, but was made to the mother of appellant after his father's death and there is nothing in the Loverett Case to indicate that it would come within the rule enunciated therein.

For the reasons indicated, the judgment is reversed and the cause remanded for a new trial and proceedings in conformity with this opinion.