## Vater v. Vater's Adm'rs et al.

May 16, 1939.

C. C. ADAMS for appellant.

J. EDWARD BALTZ and E. ERIC McLeFRESH for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The administrators of the estate of Frank Vater filed suit against Charles W. Vater on a note for $2,188, dated April 4, 1931, which he had executed to Mrs. Mary Elizabeth Vater and which had been assigned by her to the plaintiffs. The circuit court refused to permit the filing of an answer pleading no consideration because it had not been verified. A default judgment for

the plaintiffs was reversed because of that error. Vater v. Vater's Adm'rs, 272 Ky. 144, 113 S. W. (2d) 1145. The answer was then filed. An amended petition alleged that the consideration for the note was the maker's indebtedness to the estate of Frank Vater, his father, and had been made to his mother, Mary Elizabeth Vater, after it had been agreed by the children, including the defendant, for her to be appointed as administratrix of the estate. She had afterward declined to serve and made the assignment of the note to the two sons and daughter who had qualified as personal representatives. A trial was had on the issue of no consideration and a verdict returned for the plaintiffs under a peremptory instruction. The defendant appeals from the judgment entered thereon.

Though nearly two years had elapsed between the filing of the petition and the amended petition, and it is doubtless true that the plaintiffs were as well prepared in the beginning as at the end to plead a consideration for the note, it is not to be overlooked that they were not required to do so until the answer pleading no consideration was filed, and that during much of the interim the case was pending on appeal. There was no abuse of discretion on the part of the court in filing the amended petition.

Appellant maintains that he was entitled to a directed verdict because the note was made to one to whom he, as maker was not indebted, and as stated in 10 C. J. S., Bills and Notes, p. 608, Section 150c:

> "Generally, a debt due to a person other than the obligee and for which the obligor is under no liability to the former does not constitute a sufficient consideration."

Confidence is expressed in the authority of Fowler v. Smith, 24 Ohio App. 324, 156 N. E. 913, where Fowler, named as executor of Smith's will, obtained possession of his note held by the decedent and in satisfaction thereof executed a new note to the widow, who was Fowler's sister. Under the will the widow had only a life estate in the original note. The named executors did not qualify and there was never any administration of the estate. The widow, individually, sued Fowler on the new note. It was held that she could not recover because of lack of consideration. The status of these plaintiffs and the facts of the case at bar are different.

Shortly after the father's death the mother and five sons met at a bank. According to the testimony of three of them and the banker, it was agreed by all that the mother should qualify as administratrix. The defendant, Charles, owed his father a $1,000 note and other sums, which, with interest, amounted to $2,188. There was no dispute as to the amount. It was agreed that Charles should make a new note to cover the entire debt and it was drawn up by the banker payable to the mother. The banker says that he inadvertently failed to designate the mother as administratrix. It appears the father owed no debts and by common consent, together with the disinclination of the mother, who was a semi-invalid, to qualify, no personal representative was appointed for some years. A few months before her death the mother assigned the note by formal endorsement to the administrators. The testimony of the defendant and one of his brothers as to these circumstances is simply that they didn't know of any agreement to have the mother qualify as administratrix. The defendant admitted the debt and stated that the note was given "to collect if things went right but they didn't; I didn't get no fair deal."

The amended petition and the evidence are in harmony. It is clear the note was made to the mother as the agent of the heirs and the estate. As such she assigned the note to the legally appointed fiduciaries who brought the suit. The case is brought within reasoning if not the letter of another authority also stated in the same paragraph of Section 150c of 10 C. J. S., Bills and Notes, namely:

"However, it has been held that a note for a debt due to the decedent is not without consideration if made to one who proposes to become, and afterward does become, his administrator."

The court properly ruled that the defendant was liable on his note.

Judgment affirmed.